UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH PEARSON, | Case No. 12-10925 |
| Plaintiff, | Arthur J. Tarnow |
| v. | United States District Judge |
| LISA REEVES, *et al*, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**RULE 41(b) DISMISSAL AND TERMINATION OF**
**MOTION FOR SUMMARY JUDGMENT (Dkt. 17) AS MOOT**

**I.     PROCEDURAL HISTORY**

This prisoner civil rights case was filed on March 1, 2012.  (Dkt. 1).  On July 2, 2013, this matter was referred to the undersigned for all pretrial purposes.  (Dkt. 18).  On June 28, 2013, defendant Burgess Whitfield filed a motion for summary judgment to dismiss plaintiff's claims against him.  (Dkt. 17).  Plaintiff was ordered to file a response to defendant's motion for summary judgment by September 9, 2013.  (Dkt. 19).  In that order, plaintiff was instructed that **"[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party."**  (*Id.* (emphasis in original)).  Plaintiff submitted an application for appointment of counsel, which was denied on August 28, 2013.  (Dkt. 21).  In that order denying plaintiff's application to

appoint counsel, plaintiff's deadline for responding to defendant Whitfield's motion for summary judgment was extended to October 9, 2013. (*Id.*). Plaintiff failed to file a response to defendant's motion for summary judgment, and on November 12, 2013, the Court issued an order for plaintiff to show cause in writing on or before December 3, 2013, why the undersigned should not recommend that plaintiff's complaint against defendant Whitfield be dismissed due to plaintiff's failure to file a response. (Dkt. 22). Alternatively, the Court indicated that plaintiff could file a response to the motion for summary judgment by that same date. (*Id.*). In the show cause order, the Court specifically warned that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion will result in a recommendation that the motion be granted or that the claims against defendant Burgess Whitfield be dismissed with prejudice under Rule 41(b)**." (*Id.* (emphasis in original)). A review of the docket reveals that plaintiff has not filed a timely response to defendant's motion for summary judgment or otherwise responded to the order to show cause.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendant Whitfield be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) and that defendant Whitfield's motion for summary judgment be **TERMINATED AS MOOT**.

2

## II. ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson, Tenn.*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these

3

> rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Id.* at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro*, 173 F.3d at 991 (citing *Carver*, 946 F.2d at 453). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  In this case, the Court twice ordered plaintiff to file a response to defendant's motion for summary judgment and then warned plaintiff in writing that dismissal in defendant's favor would be granted if he failed to file a response to the motion and an adequate response to the order to show cause.  (Dkt. 19, 21, 22).  Thus, this third factor weighs in favor of dismissal.

With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*.  Regardless, "defendant cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.  It is readily apparent that plaintiff does not intend to pursue prosecution of this action, given the repeated failure to respond to defendant's

5

motion as ordered. Thus, the first and second factors weigh in favor of dismissal. Finally, given plaintiff's repeated failures to file a response as ordered on multiple occasions, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. Feb. 12, 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. Aug. 22, 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately). The undersigned concludes that, for the reasons discussed above,

6

plaintiff has "engaged in a clear pattern of delay" by repeatedly failing to comply with orders of the Court and by otherwise failing to prosecute his claims. Under these circumstances, in the view of the undersigned, dismissal with prejudice is appropriate.

### III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendant Whitfield be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) and that defendant Whitfield's motion for summary judgment be **TERMINATED AS MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 12, 2013                 s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on December 12, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kevin Himebaugh and by U.S. Postal Service to the following non-ECF participant: Joseph Pearson, 2917 Haig Street, Greensboro, NC 27405.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov